WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Maisano, | No. CV 15-0646-PHX-SMM (MHB) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Corizon Health Inc., et al., | |
| Defendants. | |

**I.  Background**

Plaintiff Dale Maisano, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has abused the legal process egregiously and often. He is subject to a February 20, 2014 Injunction Order that enjoins Plaintiff from filing or lodging more than one *in forma pauperis* lawsuit per month in this Court, directs the Clerk of Court to refuse to accept any transfers pursuant to 28 U.S.C. § 1406(a) of cases filed by Plaintiff in other Districts, and reiterates and supplements the terms of the 1992 Restraining Order in *Maisano v. Lewis*, CV 92-1026-PHX-SMM (MS), that enjoins Plaintiff from filing any civil action in this **or any other federal court** without first obtaining leave of the court. *See* Doc. 4 in *Maisano v. Clark*, 14-CV-0001-TUC-RCC (D. Ariz. 2014).[1]

---

[1] In an April 8, 2014 Order, the Ninth Circuit Court of Appeals reviewed Plaintiff's Notice of Appeal of the Injunction Order and Plaintiff's accompanying documents, concluded that "the appeal is so insubstantial as to not warrant further review," and did not permit the appeal to proceed. *See* Doc. 8 in 14-CV-0001-TUC-RCC.

## II.     Plaintiff's Current Lawsuit

On March 16, 2015, Plaintiff filed a Complaint in the Eastern Division of the United States District Court for the Eastern District of Missouri. On March 23, 2015, Plaintiff submitted another complaint, which was filed in the same action and is identical to the original Complaint, except it was signed on a different day. On March 23, 2015, United States District Court Judge Ronnie L. White, apparently unaware at that time of the February 14, 2014 Injunction Order, issued a Memorandum and Order requiring Plaintiff to file an amended complaint on a court-approved form and to either pay the filing and administrative fees or file a motion to proceed *in forma pauperis*.

On March 26, 2015, Plaintiff filed a third complaint, which was filed in the same action and is identical to the prior complaints, except it was signed on a different day. On April 6, 2015, Plaintiff filed an Amended Complaint that raises entirely different issues than those raised in the original Complaint. Plaintiff also filed a Motion to Proceed *In Forma Pauperis*.

On April 9, 2015, Judge White issued a Memorandum and Order concluding that the Complaint had "no legitimate connection" to the Eastern District of Missouri and that venue was proper in this District. Judge White noted that 28 U.S.C. § 1404 allows the Court to transfer the case to Arizona "in the interest of justice," and found that "[t]he interests of justice dictate that plaintiff should not be permitted to attempt to circumvent the lawful injunction placed upon his litigation by the Arizona court by filing civil actions around the country."[2] Judge White transferred the action to this Court and "*provisionally* granted" the Motion for Leave to Proceed *In Forma Pauperis*, "subject to modification by the transferee court."

The Clerk of Court received the action on April 10, 2015, and assigned it to the undersigned.

. . . .

---

[2] Judge White presumably learned of the Injunction Order after he issued his March 23, 2015 Order.

- 2 -

### III. Dismissal of Action

Pursuant to the Injunction Order, to obtain leave to file, Plaintiff must file a motion for leave to file captioned as an "Application Pursuant to Court Order Seeking Leave to File." In the Application, Plaintiff must:

(1) file an affidavit certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court;

(2) certify that, to the best of his knowledge, the claim or claims presented are not frivolous or taken in bad faith; and

(3) affix to the Application a copy of February 20, 2014 Injunction Order in 14-CV-0001-TUC-RCC, the January 29, 2014 Order to Show Cause in 14-CV-0001-TUC-RCC, the 1992 Restraining Order in *Maisano v. Lewis*, 92-CV-1026-PHX-SMM (MS); **and** a list of all cases previously filed involving similar or related causes of action.

**"The failure to comply strictly with the terms of th[e Injunction] Order shall be sufficient ground to deny leave to file**." *Id.*

Plaintiff did not file an Application Pursuant to Court Order Seeking Leave to File, the required affidavit or certification, the list of previously filed cases, or any of the required orders. Plaintiff, therefore, has failed to comply strictly with the court-mandated pre-filing requirements. Thus, this action will be dismissed without prejudice.

Even if Plaintiff had complied with the court-mandated pre-filing requirements, the Court still would have dismissed the Complaint. Because Plaintiff has "three strikes," the February 20, 2014 Injunction Order also requires that if Plaintiff attempts to file an *in forma pauperis* lawsuit, any Complaint he files or lodges "must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of serious physical injury." Plaintiff alleges in his original Complaint that "[y]ears ago prior to Corizon Given Contract, the Plaintiff(s) teeth were pulled and Plates Given, Those Plates have caused Damage which Disables the Plaintiff The Ability to eat, One of lifes basic Needs 'Food.'" (Errors in original.) Plaintiff's original Complaint, therefore, does not meet this requirement and does not make "a plausible allegation that the prisoner faced 'imminent

1  danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d
2  1047, 1055 (9th Cir. 2007).[3]

3        Plaintiff has engaged in a bad faith attempt to circumvent the 2014 Injunction
4  Order and avoid the requirement that he obtain permission to file his lawsuit. Plaintiff
5  filed his lawsuit in the Eastern District of Missouri, claiming that Defendant Corizon's
6  headquarters is in St. Louis, Missouri. But Plaintiff knows this is false—he previously
7  filed a multitude of lawsuits in Tennessee against Defendant Corizon because Defendant
8  Corizon's headquarters is there. Plaintiff presumably chose the Eastern District of
9  Missouri because the judiciary there has not been subjected to his abusive litigation
10 practices and therefore, was initially unaware of Plaintiff, his egregious misconduct, and
11 the Injunction Order.

**IT IS ORDERED:**

    (1)    Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 6) is **denied**.

    (2)    This action is **dismissed without prejudice** and the Clerk of Court must enter judgment accordingly and close this case.

    (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[3] In *Andrews*, the Ninth Circuit Court of Appeals held that the availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.* at 1053. The Court of Appeals noted that, at the time of opinion, six other circuits addressed the issue and "all concluded, similarly, that district courts should determine whether there is an 'imminent danger of serious physical injury' on the basis of the conditions at the time the complaint was filed." *Id.* Thus, it is the Plaintiff's allegations in the original Complaint that are relevant, not the allegations in the Amended Complaint.

(4) **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal**.

DATED this 14th day of April, 2015.

                                                Honorable Stephen M. McNamee
                                                Senior United States District Judge